AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky

| | |
|---|---|
| United States of America<br>v.<br>Ronald Anthony Warren<br><br>*Defendant* | )<br>)<br>) Case No. 5:16-MJ-5007-REW<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __11/03/2015__ in the county of __Fayette__ in the __Eastern__ District of __Kentucky__, the defendant violated __21/18__ U. S. C. § __§841(a)(1), 922(g)(1)__, an offense described as follows:

did knowingly and intentionally possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance and did knowingly possess in and affecting interstate commerce, a firearm, that is, a .45 semiautomatic pistol after having been previously convicted in a court of a crime punishable of imprisonment for a term exceeding one year.

This criminal complaint is based on these facts:

Ronald Anthony Warren knowingly and intentionally possessed with intent to distribute a quantity of marijuana, a Schedule I controlled substance and knowingly possessed a .45 caliber semiautomatic pistol not manufactured in Kentucky after having a felon conviction.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Lindsey Freeman, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1.15.16__

_____
*Judge's signature*

City and state: __Lexington Kentucky__   Robert E. Wier, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF APPLICATION FOR A COMPLAINT

I, Lindsey Freeman, being duly sworn, depose and state that:

I am a Special Agent (SA) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since January of 2015. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. I am a Federal Law Enforcement Officer as defined in Rule 41 and am authorized by Federal Law to request an arrest warrant.

I have received specialized training in the enforcement of federal firearms, explosives, and arson laws. My training and experience has involved, among other things: (1) the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the purchase, possession, distribution, and transportation of firearms and controlled substances and the laundering and concealment of proceeds of firearms and drug trafficking; (2) surveillance; (3) analysis and processing of documentary, electronic, and physical evidence; (4) the legal and illegal purchase and possession of firearms; (5) the execution of arrest and search warrants and (6) wire interception investigations.

As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws including the following:

> Title 21 U.S.C. § 841(a)(1) – Possession of marijuana with intent to distribute
>
> Title 18 U.S.C., § 922(g)(1) – Convicted felon in possession of a firearm in or affecting commerce

This Affidavit is submitted in support of an application for a criminal complaint charging Ronald Anthony WARREN (herein after WARREN) with a violation of Title 21 U.S.C. § 841(a)(1) and a violation Title 18 U.S.C., § 922(g)(1).

The information contained in this Affidavit is based upon my personal knowledge, my consultation with senior ATF agents, my review of certain records and documents, interviews of witnesses and defendants, and information provided by other law enforcement officers employed with the Lexington Division of Police.

I have set forth only the facts that I believe are necessary to establish probable cause to believe that a violation of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 922(g)(1) have been committed by WARREN. The information contained herein is not all the information I possess with respect to the commission of the crimes referred to herein.

1

# FACTS IN SUPPORT OF PROBABLE CAUSE

August 27, 2015, Arrest of WARREN

1. On or about August 27, 2015, officers with the Lexington Division of Police were working a plain clothes assignment in the area of 333 S. Limestone when they were contacted by several other plain clothes officers who had just detained two subjects sitting in a parked vehicle on Pine St. just west of S. Limestone. Officer Stevens and Officer Hyatt with Alcoholic Beverage Control (ABC) were speaking with the driver of a white Chrysler 300 KY-394NSC later determined to be Ronald WARREN and Lexington Police Officer Ray approached the passenger side of the vehicle to speak with an individual found to be Anthony King. ABC officer Hyatt advised he had witnessed the passenger smoking what the officer recognized to be a "marijuana blunt" and observed a plastic baggie of marijuana in the driver's lap upon first contact. Officer Hyatt also noticed an open tequila bottle in one of the cup holders in the center console. Officer Ray began a consensual search of Mr. King when he saw Officer Hyatt and Officer Stevens ask WARREN to exit the vehicle and asked him consent to check for weapons when WARREN pushed past the officers and attempted to flee. WARREN fled approximately 20 feet prior to being caught and subdued by officers. WARREN was placed under arrest for fleeing and a search of his person found a loaded North American Arms .22 caliber revolver, SN: E224401, in his right front pocket, $5,908.00 in cash in his left front pocket, and a small baggie of suspected marijuana in his right front ring pocket. Based on plain sight and plain smell, a search of the vehicle revealed three vacuum sealed bags of suspected marijuana the size of a baseball in the center console, a digital scale with suspected marijuana, a black backpack containing $120.00 in cash, and a clear plastic bag with approximately 13.2 grams of suspected marijuana that was seen in the lap of WARREN upon first contact. WARREN was charged with Convicted Felon in Possession of a Handgun, Trafficking in Marijuana, less than 8oz, Fleeing/Evading Police, 2nd Degree, Resisting Arrest, and Possession of an Open Alcohol Beverage Container in a Motor Vehicle. WARREN was released on bond on or about September 1, 2015. The case is currently pending in state court. WARREN verbally provided officers his name and date of birth. Your Affiant spoke to the reporting officer who stated WARREN was positively identified either through providing his driver's license or the officer calling in the information verbally provided by WARREN to further identify him. Your Affiant reviewed the police report which further identified WARREN with the following information: Kentucky driver's license # ame RONALD ANTHONY WARREN, DOB: SSN: and address of Lexington, KY.

2

September 9, 2015, Arrest of WARREN

2. On or about September 09, 2015, Lexington Division of Police Officer McCane was dispatched to the area of 424 Elm Tree Lane in reference to a narcotics complaint where the caller advised that a black jeep was occupied with individuals who were possibly using or selling narcotics. Upon arrival, Officer McCane observed a subject identified as WARREN standing at the window of the black jeep (occupied by a male later identified as Marion Pinder). WARREN then walked over to a white Chrysler 300 KY 394NSC, opened the door, put an item in the car and walked back to the door of 421 Elm Tree Lane, his parents' residence. Officer McCane told WARREN to stay outside, but he went into the residence instead. Mr. Johnnie Owens arrived on the scene and advised he was RONALD WARREN's father and that WARREN's car was registered to Mr. Owens and his wife, but it was WARREN's vehicle. A qualified narcotics K-9 was presented to the vehicle and had a positive alert. The vehicle was searched and officers found a Gucci bag with 86.1 grams of suspected marijuana, digital scales with suspected marijuana residue. Mr. Owens gave officers consent to search his residence and WARREN was found in the attic crawl space and had a strong odor of marijuana on his person. WARREN was searched and $313.00 was located in his jeans pocket along with the key to the Chrysler 300. He advised he was hiding because he was out on bond and that he and Mr. Pinder had been smoking marijuana. WARREN was charged with Trafficking within 1,000 feet of a School and Possession of Drug Paraphernalia. A search of WARREN at the Fayette County Detention Center revealed four counterfeit $50.00 bills inside his shoes; WARREN was additionally charged with Criminal Possession of a Forged Instrument, 1st Degree, and Promoting Contraband, 2nd Degree. WARREN was released on bond on or about September 10, 2015. The case is currently pending in state court. Your Affiant reviewed the police report that indicated Mr. Johnnie Owens positively identified WARREN and WARREN's vehicle and further allowed police access to Mr. Owens residence, ▓▓▓▓▓▓▓▓▓▓ Lexington, KY. Your Affiant found this address listed on WARREN's driver's license according to NLETS (a database for local, state, and federal law enforcement sharing critical information). The police report further identified WARREN with the following information: Kentucky driver's license # ▓▓▓▓▓ name RONALD ANTHONY WARREN, DOB: ▓▓▓▓, SSN: ▓▓▓▓ and address of ▓▓▓▓▓▓▓▓ Lexington, KY.

November 3, 2015 Arrest Of WARREN

3. On or about November 03, 2015, Lexington Division of Police Officer Leathers was driving on Versailles Road when he observed a vehicle sitting at the traffic light at Red Mile Road with KY plate 819NVN. The plate came back as being cancelled for failure to maintain insurance. Officer Leathers initiated a traffic stop

3

of the vehicle which slowed down and turned onto Delmont Drive and stopped just prior to 102 Delmont Drive. A black male subject wearing a white shirt and blue jeans, later identified as WARREN, got out of the vehicle holding a dark colored bag and took off running through the parking lot behind 1419 Versailles Road. Officer Leathers began chasing WARREN giving loud verbal warnings. WARREN continued to flee and came to an eight foot chain link fence. WARREN threw the dark colored bag and jumped the fence. Several bags of suspected marijuana were observed falling out of the bag. Officer Turner was also in pursuit of WARREN and observed him flee across Versailles Road and jump a fence at an auto repair center and continue to run down Cisco Road. At this time, Officer Klingshirn arrived on scene and assisted in the foot pursuit. Officer Turner checked the backyard of 103 Cisco Road and opened a trash can lid to find WAREN hiding inside. Officer Turner ordered him out of the trash can and when she began to place cuffs on him, WARREN got up and started running back around the front of the house. Officer Klingshirn was waiting on the other side of the fence in the direction WARREN was fleeing. She gave verbal commands for him to stop or he would be tased. WARREN continued to flee and Officer Klingshirn deployed her taser. WARREN was then placed in handcuffs and taken to 103 Cisco Road to be checked for injuries. WARREN had no injuries and stated he was a convicted felon with previous marijuana trafficking charges.

4. Officer Harris collected the dark bag WARREN had thrown by the chain link fence and located approximately 4.845 ounces of suspected marijuana in multiple baggies and a larger sealed bag with suspected marijuana residue. The bag also contained a Taurus PT945, .45 caliber semi-automatic handgun, SN: NDS67266 with nine rounds of ammunition in the magazine with one chambered. Officer Vinlove went to the scene of the initial stop and found the vehicle WARREN had occupied had rolled forward and struck a tree stump in the front yard of 102 Delmont. WARREN was charged with Convicted Felon in Possession of a Handgun, Fleeing/Evading Police, 1st Degree, Tampering with Physical Evidence, Trafficking in Marijuana, less than 8 oz, 2nd or > offense, Leaving the Scene of an Accident, No/Expired Registration Plates, and Failure to Maintain Required Insurance. The case is currently pending in state court. Your Affiant has reviewed an audio recording of a statement the officers took from WARREN after his arrest and during the statement WARREN identified himself as "RONALD WARREN" with a DOB of ▇▇▇▇ Your Affiant further spoke with one of the officers assisting that evening who advised your Affiant that officers on the scene also identified WARREN after his arrest by either obtaining a Kentucky driver's license from him or obtaining his name and DOB from him and running the information through NLETS which further identified WARREN with the following information: Kentucky driver's license #▇▇▇▇ name RONALD ANTHONY WARREN, DOB:▇▇▇▇ SSN:▇▇▇▇ and address of ▇▇▇▇ Lexington, KY. Your Affiant obtained a copy of photographic

4

evidence from the above police report which included photographs of WARREN which resembled the appearance of WARREN in a driver's license photograph your Affiant obtained from NLETS. Based on your Affiant's training and experience, your Affiant's review of the police reports in this matter and based on discussions with the reporting officer regarding the facts in this case, including Warren's possession of a loaded firearm with over 4 ounces of marijuana, your Affiant believes that the marijuana recovered is consistent with drug trafficking rather than merely personal use.

Criminal History

5. Your Affiant obtained a certified copy of WARREN's Fayette County Circuit Court Felony Conviction for Wanton Endangerment, 1st Degree, Fayette County Circuit Court Case 09-CR-1208.

6. Your Affiant obtained a certified copy of WARREN's Fayette County Circuit Court Felony Conviction for Receiving Stolen Property (Firearm), Fayette County Circuit Court Case 09-CR-1148.

7. Your Affiant obtained a certified copy of WARREN's Fayette County District Court Case number 14-M-03935 disposition for Assault 4th Degree Domestic Violence Minor Injury further prohibiting him from possessing a firearm.

8. Your Affiant obtained certified copies of Kentucky State Police criminal history, fingerprint card, and identification determination for RONALD WARREN which provided all fingerprints contained within WARREN's criminal history file on record with the Kentucky State Police have been previously compared and have been determined to be the same person. KSP provided the following information on WARREN for his previous felony arrests: DOB: ▓▓▓▓▓ and SSN: ▓▓▓▓▓. Your Affiant reviewed the name and DOB on the certified convictions referenced above in paragraphs 5, 6 and 7 and the name and DOB on the above certified convictions are consistent with the name and DOB that WARREN gave during his tape recorded interview on November 3, 2015, and the name and DOB listed on WARREN'S Kentucky driver's license. Your Affiant has identified WARREN through his Kentucky driver's license information and photograph which matched the information and photographs of WARREN when he was booked into the Fayette County Detention Center for each of the above arrests. WARREN's driver's license information listed in NLETS (a database for local, state, and federal law enforcement sharing critical information) provided his name, RONALD ANTHONY WARREN, DOB of ▓▓▓▓▓ SSN: ▓▓▓▓▓ and an address of ▓▓▓▓▓ Lexington, KY which matched his criminal history information in the criminal history database NCIC. This information also

matched the name and DOB in the certified court records for his prior felony convictions and the identifying information for WARREN provided in the Lexington police reports referenced above.

9. Your Affiant received an interstate nexus reports form ATF Special Agent Robert Maynard stating the Taurus PT945, .45 caliber semi-automatic handgun, SN: NDS67266 and the North American Arms .22 caliber revolver, SN: E224401 were not manufactured in Kentucky. As a result they have moved in interstate commerce.

10. The marijuana has not been tested by the Kentucky State Police Forensic Laboratory as of 01/14/2016, however, based on the training and experience of the police officers who seized the suspected marijuana on each of the above referenced dates in identifying controlled substances, including marijuana, the substances they recovered on each date set forth above appeared to be marijuana, a Schedule I controlled substance. On 01/14/2016, your Affiant spoke to Officer Leathers, reporting officer for WARREN's arrest on 11/03/2015. Officer Leathers has been a Lexington Police Officer since March of 2013, he advised he has had formal training at the police academy regarding identification of controlled substances to include marijuana. Officer Leathers is a patrol officer and stated he is involved with arrests and contact with individuals involving marijuana approximately 15 times a month. He further advised marijuana is the controlled substance he sees most often.

## CONCLUSION

11. The statements made in this Affidavit are made based on the personal observations and investigation conducted by your Affiant, and information communicated or reported to your Affiant during the investigation by other participants in the investigation, as the content of this affidavit indicates.

12. Based on the foregoing, your Affiant believes there is probable cause to believe that Ronald Anthony WARREN has committed a violation of Title 21 U.S.C., § 841(a)(1) and a violation of 18 U.S.C. § 922(g)(1).

I declare under penalty and perjury that the foregoing is true and correct to the best of my knowledge.

Lindsey Freeman, Special Agent,
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me this ___ day of January, 2016.

/s/ RW

Robert E. Wier
United States Magistrate Judge