Eastern District of Kentucky
F I L E D
APR 18 2016
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 16-CR-00019-JMH

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

RONALD ANTHONY WARREN, JR.     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1), the Defendant will enter a guilty plea to Counts 5, 6, and 7 of the Indictment charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute marijuana, a violation of 18 U.S.C. § 924(c)(1), possession of a firearm in furtherance of drug trafficking, and a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the remaining counts. The Defendant will further agree to the forfeiture allegation contained in the Indictment.

    2. The essential elements of Count 5 are:

       (a) First, that the Defendant possessed less than 50 kilograms of marijuana, a Schedule I controlled substance;

       (b) Second, that the Defendant knew the substance was marijuana; and

       (c) Third, that the Defendant intended to distribute the marijuana.

3. The essential elements of Count 6 are:

   (a) First, that the Defendant committed the drug trafficking crime charged in Count 5; and

   (b) Second, that the Defendant possessed a firearm in furtherance of the drug trafficking crime charged in Count 5.

4. The essential elements of Count 7 are:

   (a) First, that the Defendant knowingly possessed a firearm;

   (b) Second, that the possession of the firearm was in or affecting commerce; that is, that before the Defendant possessed the firearm, it had traveled at some time from one state to another; and

   (c) Third, that the Defendant's possession of the firearm occurred after he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

5. As to the charges, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

On August 27, 2015, officers with the Lexington Division of Police detained two subjects sitting in a parked vehicle on Pine Street. Officers were speaking with the driver of a white Chrysler later determined to be the Defendant while another officer approached the passenger side of the vehicle to speak with an individual later identified as Anthony King (King). One of the officers observed King smoking a marijuana blunt and observed a plastic baggie of marijuana in the Defendant's lap. Officers also noticed an open tequila bottle in one of the cup holders in the center

console. When officers asked the Defendant to exit the vehicle and asked for his consent to check for weapons, the Defendant pushed past the officers and attempted to flee. The Defendant fled approximately twenty feet prior to being apprehended. A search incident to the Defendant's arrest revealed a loaded North American Arms .22 caliber revolver in his right front pocket, $5,908 in his left front pocket and a small baggie of suspected marijuana in his right front ring pocket. A search of the vehicle revealed three vacuum sealed bags of suspected marijuana the size of a baseball in the center console with a total of approximately 128 grams of marijuana, a digital scale with suspected marijuana, a black backpack containing $120 in cash and a clear plastic bag with approximately 13.2 grams of suspected marijuana that was observed in the Defendant's lap upon initial contact. The Defendant was released on bond on September 1, 2015.

On September 09, 2015, Lexington police officers were dispatched to the area of 424 Elm Tree Lane in reference to a narcotics complaint. Upon arrival, officers observed a subject identified as the Defendant standing at the window of a black jeep (occupied by a male later identified as Marion Pinder). The Defendant walked over to a white Chrysler, opened the door, put an item in the car and walked to the door of 421 Elm Tree Lane (later determined to be the Defendant's parents' residence). Officers told the Defendant to stay outside, but he went into the residence. Johnnie Owens arrived on the scene and advised that he was the Defendant's father and that the white Chrysler was registered to Mr. Owens and his wife, but belonged to the Defendant. A K-9 was

presented to the Chrysler and had a positive alert. The vehicle was searched and officers located a Gucci bag with 86.1 grams of suspected marijuana and digital scales with suspected marijuana residue. Mr. Owens gave officers consent to search his residence and the Defendant was located in the attic crawl space. The Defendant had a strong odor of marijuana on his person. The Defendant was searched and $313 was located in his jeans pocket along with the key to the Chrysler. The Defendant advised that he was hiding because he was on bond and that he and Pinder had been smoking marijuana. A search of the Defendant at the Fayette County Detention Center revealed four counterfeit $50 bills inside his shoes. The Defendant was released on bond on September 10, 2015.

On November 3, 2015, a Lexington police officer was driving on Versailles Road when he observed a vehicle sitting at the traffic light at Red Mile Road. The plate came back as cancelled for failure to maintain insurance. The officer initiated a traffic stop of the vehicle which slowed down, turned onto Delmont Drive and stopped just prior to 102 Delmont Drive. A male subject later identified as the Defendant, got out of the vehicle holding a dark colored bag and fled on foot through the parking lot behind 1419 Versailles Road. The officer chased the Defendant on foot, giving him loud verbal commands to stop. The Defendant continued to flee and came to an eight foot chain link fence. The Defendant threw the dark colored bag and jumped the fence. The officer observed several bags of suspected marijuana fall out of the bag. Another officer in pursuit of the Defendant observed him flee on foot across Versailles Road and jump a

fence at an auto repair center and continue to run down Cisco Road. Other officers arrived on scene and assisted in the foot pursuit. One of the officers checked the backyard of 103 Cisco Road and opened a trash can lid to find the Defendant hiding inside. The Defendant was ordered out of the trash can. When the officer began to place handcuffs on the Defendant, he fled on foot. Officers continued to give verbal commands and ultimately had to tase the Defendant. The Defendant was then placed in handcuffs. The Defendant had no injuries and stated that he was a convicted felon with previous marijuana trafficking charges. Officers collected the dark bag the Defendant had thrown by the chain link fence and located approximately 4.85 ounces of suspected marijuana in multiple baggies and a larger sealed bag with suspected marijuana residue. The bag also contained a Taurus, .45 caliber semiautomatic pistol, loaded with nine rounds of ammunition in the magazine with one chambered.

The suspected marijuana referenced above was sent to the Kentucky State Police Laboratory for analysis and found to be a total 332.5 grams of marijuana, a Schedule I controlled substance. The Defendant knowingly possessed the firearm listed in Count 7 of the Indictment after being convicted of the felony offense of Wanton Endangerment 1st Degree in Fayette Circuit Court, Case No. 09-CR-01208. The firearm was not manufactured in Kentucky and functioned as designed. The Defendant possessed most of the marijuana for the purpose of distribution rather than mere personal

use. Further, the Defendant possessed the firearm listed in Count 6 of the Indictment, in part, for protection relating to his drug trafficking activities.

6. The maximum statutory punishment for Count 5 is not more than 5 years imprisonment, a fine of not more than $250,000, or both, and a term of supervised release of not more than 2 years. Additionally, a mandatory Special Assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. The maximum statutory punishment for Count 6 is not less than 5 years imprisonment and not more than life imprisonment consecutive to any other sentence, a fine of not more than $250,000, or both, and a term of supervised release of not more than 5 years. Additionally, a mandatory Special Assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

8. The maximum statutory punishment for Count 7 is not more than 10 years imprisonment, a fine of not more than $250,000, or both, and a term of supervised release of not more than 3 years. Additionally, a mandatory Special Assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

9. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations,

and they may object to other calculations. This recommendation does not bind the Court. The United States, at the time of the preparation of this agreement, believes these recommended guidelines to be the full and complete guidelines applicable to the case. If, however, the United States Probation Office, in its preparation of the Presentence Investigation Report, arrives at a computation of guidelines that is different in any way from the recommended guidelines that follow herein, the United States and the Defendant reserve the right to object to, remain neutral on, or agree with any and all of those guideline computations that are different.

United States Sentencing Guidelines (U.S.S.G.), November, 1, 2015, manual, will determine the Defendant's guideline range.

(a) Pursuant to U.S.S.G. §1B1.3, the Defendant's relevant conduct consists of the actions described in Paragraph 5 of this document.

(b) Pursuant to U.S.S.G. §2D1.1(c)(17), the base offense level for Count 5 is 6 as the as the offense involved less than 1 kilogram of marijuana (332.5 grams).

(c) Pursuant to U.S.S.G. §2K2.1(a)(6), the base offense level for Count 7 is 14, as the Defendant was a prohibited person at the time the Defendant committed the instant offense.

(d) Pursuant to U.S.S.G. §2K2.1(b)(6), increase the base offense level by 4 levels (possession of the firearm in connection with another felony offense; Fleeing and Evading 1st Degree and Wanton Endangerment 1st Degree).

(e) Pursuant to U.S.S.G. §2K2.1(b)(4), increase the base offense level by 2 levels (stolen firearm).

(f) Pursuant to U.S.S.G. §3D1.2(a), Counts 5 and 7 group together as they involve the same act or transaction and therefore the adjusted offense level is 20.

7

(g) Pursuant to U.S.S.G. §2 K2.4(b) and 18 U.S.C. § 924(c)(1), the penalty for Count 6 shall be a minimum of 5 years imprisonment mandatorily consecutive to any other sentence imposed.

(h) Pursuant to U.S.S.G. §3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

10. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

11. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. §3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

12. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal his sentence if the sentence is greater than the advisory guidelines as determined by the court. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the

Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. The Defendant agrees to the administrative or judicial forfeiture of the items listed in the forfeiture allegation of the Indictment and will execute any document necessary to facilitate the forfeiture.

16. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

KERRY B. HARVEY
UNITED STATES ATTORNEY

Date: 4/18/16  BY: _____
Hydee R. Hawkins
Assistant United States Attorney

Date: 4/18/16  _____
Ronald Anthony Warren Jr.
Defendant

Date: 4/18/16  _____
James I. Lowry, IV
Attorney for Defendant

10

**APPROVED**, this 18th day of April, 2016.

_____
Joseph M. Hood
UNITED STATES DISTRICT JUDGE