<pre>
 1                UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF KENTUCKY
 2                     LEXINGTON DIVISION

 3 UNITED STATES OF AMERICA,      . Docket No. CR 16=19

 4      Plaintiff,                . Lexington, Kentucky
                                  . July 18, 2016
 5          v.                    . 10:07 a.m.
                                  .
 6 RONALD ANTHONY WARREN, JR.     . Sentence
                                  .
 7      Defendant.                .
   . . . . . . . . . . . . . . . .

 8
                   TRANSCRIPT OF PROCEEDINGS
 9         BEFORE THE HONORABLE JOSEPH M. HOOD
               UNITED STATES DISTRICT JUDGE
10
   APPEARANCES:
11
   For the Plaintiff:    Mr. Ron Walker, Jr.
12                        Assistant United States Attorney
                          260 West Vine Street, Suite 300
13                        Lexington, KY 40507-1671

14 For the Defendant:     Mr. James Lowry
                          Hughes, Lowry, Milner & Hayworth
15                        271 W. Short St., Suite 510
                          Lexington, KY 40507
16
   Court Reporter:        K. Ann Banta, RPR, CRR
17                        101 Barr
                          Lexington, KY 40507
18                        (502) 545-1090

19 Proceedings recorded by mechanical stenography,
   transcript produced by computer-aided transcription.
20

21

22

23

24

25
</pre>

                                    Monday morning session,

                                    July 18, 2016, 10:07 a.m.

                                    - - -

          THE COURT:  Call the next matter on, please,
Madam Clerk.

          THE CLERK:  Yes, Your Honor, Lexington
criminal action no. 16-19, United States of America v.
Ronald Anthony Warren, Jr., called for sentencing.

          (The defendant was brought in the courtroom
at this time.)

          THE COURT:  Let the record reflect that the
United States is present in the courtroom by counsel,
that the defendant is present in the courtroom with
counsel.

          Ready to proceed, Mr. Walker?

          MR. WALKER:  Yes, Your Honor.

          THE COURT:  Mr. Lowry?

          MR. LOWRY:  Yes, Your Honor.

          THE COURT:  Is there any objections to the
presentence report on behalf of the United States?

          MR. WALKER:  No, Your Honor.

          THE COURT:  On behalf of the defendant?

          MR. LOWRY:  No, sir.

          THE COURT:  And Mr. Warren, have you seen
this report yourself?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you have any objections to

3 anything contained in the report?

4          THE DEFENDANT:  No, sir.

5          THE COURT:  Okay.  This is based on a guilty

6 plea to counts five through seven and the forfeiture

7 count of the indictment.

8          In calculating the guidelines, we consider

9 counts five and seven separate -- together as

10 grouped.

11         Count five is a conspiracy to distribute

12 marijuana of less than 1 kilogram.  That has a base

13 offense level of 6.

14         There are no upward adjustments, so that

15 would be the adjusted offense level as well.

16         Count seven, felon in possession of a

17 firearm, that carries a base offense level of 14.

18         There are no upward adjustments, so the

19 adjusted offense level in that respect is a 14.

20         There is a two-level reduction for the total,

21 so the total offense level -- for acceptance of

22 responsibility, so the total offense level for those

23 two offenses is a 12.

24         Count six is carrying, brandishing or

25 discharging a firearm during and relation to a drug

trafficking crime, and that's found at 18 U.S.C.,
Section 924(c), and that carries a minimum mandatory
term of five years' imprisonment.

The guidelines for those two offenses --
three offenses, rather, for counts five and seven,
twenty-one to twenty-seven months of imprisonment is
the advisory range.

Count six is five years consecutive to the
other sentences.

Supervised release on count five is two to
three years; on count six, two to five years; and
count seven, one to three years.

The fine range is 5,000 to -- $500 to
$5,500.

There is a possibility of community
restitution.

There is a special assessment of $100 per
count.

Are those accurately calculated, Mr. Walker?

MR. WALKER:  Yes, Your Honor.

THE COURT:  Agree, Mr. Lowry?

MR. LOWRY:  Yes, sir.

THE COURT:  If you and Mr. Warren would come
to the podium, please.

Would you like to speak on behalf of

1 Mr. Warren before I impose sentence?

2     MR. LOWRY:  Yes, sir, just briefly.  Your

3 Honor, the -- in this case, this case could have been

4 much more serious than it was, and the United States

5 was kind enough to drop a very serious count and give

6 Mr. Warren the benefit of just the one 924(c).

7     The family was certainly appreciative of that

8 as was Ronnie.

9     This is a young man, I have known Ronnie

10 since he was very young.

11     I have known the family, I have dealt with

12 his mother and Ronnie for years as a friend.

13     They have certainly been upset with the

14 conduct that he's been involved in over the last few

15 years.

16     When you look at his presentence report,

17 Mr. Robinson correctly pointed out that he had some

18 difficulties in youth that he struggled to overcome.

19     He certainly had some family support that

20 could have helped him through that, but he chose a

21 path that they did not agree with, although they feel

22 strongly that they know his heart and think he is a

23 person that can be salvaged and a person that can be a

24 benefit to the community once he gets through this

25 period of his life.

1    I think there was some -- certainly some
2 indication of the truth of that with our interview
3 with Mr. Robinson in which he started discussing his
4 daughter.

5    He became very emotional when discussing his
6 daughter.

7    I have talked to the mother of his daughter,
8 talked to the family about that and he is incredibly
9 attached to her and was with her daily during that
10 time even during these dark days that he was involved
11 in the criminal activity that he was.

12    He still has some state cases pending that I
13 think will be resolved.

14    He is looking at a guideline range of eighty-
15 one to eighty-seven months.

16    I would ask the court -- unfortunately he is
17 not eligible for the drug treatment program and the
18 credit off because --

19    THE COURT:  The firearm.

20    MR. LOWRY:  Yes, sir.  I think I would ask
21 the court recommend the program anyway even though he
22 doesn't get the credit off.

23    I would ask the court to start at the lower
24 end of the guidelines, and based on the support that
25 he's got from his family and based on the commitment

1 that he's made since he has been in custody, I have

2 got a letter from the Lexington Rescue Mission as well

3 as certificate of completion of two programs that he's

4 had since he has been in jail.

5          In my conversations with him, he has

6 certainly done an about face and started to understand

7 the life that he was living, the danger that he was

8 bringing to himself and others.

9          And if the court may consider at most a

10 variance of six months down to 75 months to give him a

11 partial credit for being committed to that program.  I

12 know there is no guarantee that he get in or even

13 complete it.

14          But I think with -- with him to prove to his

15 family that he is committed to making these changes,

16 knowing that he would owe them and the court his best

17 effort to complete that program if the court was kind

18 enough to give him six months off the top of that.

19          But I understand the situation that he's put

20 himself in.  He certainly does.  The family does.

21          They are here today to express their support

22 of him, and whatever benefit you see in his -- in the

23 future, we would certainly appreciate it.

24          THE COURT:  All right, thank you, Mr. Lowry.

25          Mr. Warren, do you have anything that you

1  would like to say?

2         THE DEFENDANT:  Yes, sir.  I would just like
3  to say sorry to the court.

4         The stupid action that I made in the past and
5  I really am, like, trying to better myself, and I
6  really have a daughter that I really am, like,
7  committed to, and, like, fully involved with every
8  day.

9         And it really hurts to, like, to be taken
10  away -- I mean, not to be able to be around her and,
11  like, and act in everyday things like school and
12  seeing her graduate from preschool and taking her to
13  school, like, everything, so that's all.

14         THE COURT:  Well, you know, Mr. Warren, it
15  must be pretty obvious to you, I have been around for
16  a long time.

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  And I have heard people tell me
19  the same story, that I have decided, you know, that I
20  need to do -- change my ways.

21         Well, you know, I don't know what made that
22  decision.  It may be because you got your daughter.
23  It may be because you are here.  It may be because you
24  are facing sentence.

25         But it just strikes me that there is a number

of times in your past where you could have made that
decision, and you didn't.

So it makes me think that perhaps you are not
as sincere as you should be.

But regardless, you don't do anything for
yourself, you don't do anything for your daughter by
running around with guns and dealing in marijuana.

Should make no -- should be pretty obvious
what's the result.  I think you were shot one time
before, right?

THE DEFENDANT:  Two times.

THE COURT:  Two times.

THE DEFENDANT:  Yes, sir.

THE COURT:  That should make it even twice as
obvious what happens to people who run around with
guns and firearms and dealing in drugs.

Because you get -- I don't know how many
times I see in the paper in a weekly basis here where
people get killed, and they are killed for no obvious
reason other than they -- drugs were suspected.

People there -- I just remember just one here
recently out at the corner of, oh, Appian Way and
Armstrong Mill.

Somebody went up to a car and started
shooting.  Well, why do people do that?  What good

1 reason would there be for somebody to walk up and

2 start shooting unless there was a drug deal gone bad?

3 So it's up to you. I mean, you are going to

4 get time.

5 Anybody that's had a gun, is a convicted

6 felon and carrying dope is getting time.

7 THE DEFENDANT: Yes, sir.

8 THE COURT: Because I don't want anybody to

9 say -- I want somebody -- I really want somebody to

10 say, "Hey, Ronald Anthony Warren got a bunch of time.

11 He got a bunch of time, so I am not going to do this.

12 I know him. I knew his family. They are hurting

13 because he is gone, so I am not going to do this."

14 THE DEFENDANT: Yes, sir.

15 THE COURT: So you are going to have to be an

16 example.

17 Now, when you get in prison, you know, if you

18 get in the drug program with this record, you need it.

19 THE DEFENDANT: Yes, sir.

20 THE COURT: But these firearms may keep you

21 from getting the credit off, but that's immaterial.

22 THE DEFENDANT: Yes, sir.

23 THE COURT: What you need is to get off the

24 marijuana.

25 I know you say you don't do cocaine, but you

1 have tested positive in the past, so you need to get

2 away from that and you need to do -- get a job and get

3 away from all this.

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Or you are going to find yourself

6 out here at O. L. Hughes or Smith and Smith and people

7 are going to be saying, "Well, he was a nice young

8 man, he went too soon."

9            Your daughter's going to be saying, "What

10 happened to my daddy?"  You know?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  It is the judgment of the court

13 that pursuant to the Sentencing Reform Act of 1984, I

14 find that the following sentence will be sufficient

15 but not greater than necessary in this particular

16 case.

17            It is the judgment of the court that the

18 defendant shall -- Ronald Anthony Warren is hereby

19 committed to the custody of the Bureau of Prisons to

20 be imprisoned for a term of eighty-one months.

21            This term shall include -- consist of twenty-

22 one months on each of counts five and seven to run

23 concurrently with each other and sixty months on count

24 six to run consecutive to produce a total term of

25 eighty-one months.

1    It is recommended to the Bureau of Prisons

2 that the defendant participate in a job skills and/or

3 vocational training program.

4    It is further recommended that the defendant

5 participate in a substance abuse treatment program, in

6 particular the RDAP program.

7    It is recommended to the Bureau of Prisons

8 that the defendant participate in a mental health

9 program.

10    Upon release from imprisonment, the defendant

11 shall be placed on supervised release for a term of

12 three years.

13    This term shall include three years on all

14 counts to run concurrently with each other.

15    Within 72 hours' release from the custody of

16 the Bureau of Prisons, the defendant shall report in

17 person to the probation office in the district to

18 which the defendant is released.

19    While on supervised release, the defendant

20 shall not commit another federal, state or local

21 crime, shall comply with the standard conditions that

22 have been adopted by this court and shall comply with

23 the following additional conditions.

24    The defendant shall not possess a firearm,

25 destructive device, ammunition or dangerous weapon.

1    The defendant shall submit to one drug test

2 within fifteen days' release from imprisonment and at

3 least two periodic drug tests thereafter.

4    In addition, the defendant shall comply with

5 the following special conditions.

6    The defendant shall submit to periodic drug

7 and alcohol testing at the direction and discretion of

8 the probation officer during the term of supervision.

9    The defendant shall submit his person,

10 residence, curtilage, office or vehicle to a search

11 upon direction and discretion of the United States

12 Probation Office.

13    The defendant shall attend and successfully

14 complete any mental health diagnostic evaluations and

15 treatment or counseling programs as directed by the

16 probation officer.

17    The defendant shall pay for the cost of such

18 services to the extent he is able as determined by the

19 probation officer.

20    The defendant shall attend and successfully

21 complete and pay for any diagnostic evaluations and

22 treatment or counseling programs for anger management

23 as directed by the probation officer.

24    Defendant does not have the ability to pay a

25 fine.  The court waives the fine in this case.

1       It is further ordered the defendant shall pay
2  to the United States a special assessment of $300
3  which is due -- is due immediately.

4       I forgot to say that I also adopt the
5  presentence report in its entirety as well as the
6  criminal history in this matter which reflects a
7  score -- criminal history score of 8 which makes it
8  criminal history category of 4.

9       Any questions or objections regarding that
10 sentence, Mr. Bradbury?  Or Mr. Walker, excuse me.

11       MR. WALKER:  Your Honor, I am --

12       THE COURT:  I am not too sure who that was a
13 bigger insult to.

14       MR. WALKER:  Probably Todd but -- no
15 objections, Your Honor, but I would ask the court
16 to --

17       THE COURT:  Forfeiture, matters in the
18 forfeiture allegation are forfeited to the United
19 States pursuant to the plea agreement.

20       MR. WALKER:  Yes, Your Honor, and thank you.
21 The United States would move to dismiss all remaining
22 counts of the indictment.

23       There is an additional $120 that were seized
24 from Mr. Warren that the United States would ask the
25 court to allow to be applied to his fine, or his

special assessment and would advise the court that
following these proceedings, Mr. Warren will be
subject to a DNA swab by the ATL officers.

THE COURT:  That's all agreeable?

MR. LOWRY:  Yes.

THE COURT:  Mr. Lowry, anything else?

MR. LOWRY:  Your Honor, I -- only --

THE COURT:  Recommendation?

MR. LOWRY:  Yeah, we would ask the court to
recommend a placement close to home and family.

THE COURT:  I would recommend the Federal
Prison Camp at Ashland.

MR. LOWRY:  That would be fine.

THE COURT:  Or Federal Institution at
Ashland.

Let the Bureau of Prisons decide where to put
him.

I think they have an RDAP program there, but
I think he needs to get in the RDAP program, whether
he is allowed to lose any time on it.

MR. LOWRY:  We agree, thank you, Judge,
thanks for the recommendation.

THE COURT:  Okay, any objections or questions
regarding that sentence, Mr. Lowry --

MR. LOWRY:  No, sir.

1           THE COURT:  -- or Warren?

2           THE DEFENDANT:  No, sir.

3           THE COURT:  And I believe you have waived

4  your right to appeal --

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  -- if I am not mistaken, so there

7  is no need to advise you of those rights.

8           Defendant is remanded to the custody of the

9  Marshal.  Court will be in recess until 11:00.

10  10:30.  11:00.  No, 10:30.

11          THE CLERK:  10:30.

12          THE COURT:  10:30.  I just get too excited.

13          MR. LOWRY:  Thank you, Judge.

14          THE COURT:  Thank you, Mr. Lowry.  Court will

15  be in recess.

16          (The further hearing in this matter was

17  concluded at 10:27 a.m.)

18                          - - -

19                      CERTIFICATE

20          I certify that the foregoing is a correct

21  transcript from the record of proceedings in the

22  above-entitled matter.

23  s/  K. Ann Banta                11-10-16
    K. Ann Banta, RPR, CRR          Date
24

25